IN THE
# UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

N⁰ 2:06-CV-071-B-A

*National Union Fire Insurance Company of Pittsburgh, Pennsylvania,*
　　　　　　　　　*Plaintiff*,
　VERSUS

*Robert B. Blasio et al.,*
　　　　　　　　　*Defendant.*

**O R D E R**
DENYING & MANDATING ADDITIONAL
BRIEFING FROM BOTH PARTIES ON
**Defendant's Motion to Compel Desposition Testimony**

　　Before the court is defendants Motion [98] to Compel the deposition testimony of Mr. Wes Williams, Esq., who previously represented the plaintiff, National Union Fire Insurance Company of Pittsburgh, Pennsylvania [*hereinafter* NUFIC] and whom the court permitted to withdraw as counsel in its July 23, 2007 Order. For the proceeding reasons, the motion is **DENIED**.

## I.
FACTUAL BACKGROUND

　　This cause stems from a wrongful death action [the *Wright* litigation] filed in Coahoma County, Miss. Circuit Court around April 1999. Numerous insurance companies were involved in that proceeding, including NUFIC which provided an excess liability policy. Given the possibility that NUFIC would have to honor its obligations under the policy, in August 2000 it retained the Markow Walker, P.A., firm as its counsel in that underlying action. Mr. Williams, an attorney with Markow Walker, provided legal advice to NUFIC in connection with the *Wright* litigation and, subsequently, filed the complaint in this action. Mr. Williams remained counsel of record in this cause until permitted to withdraw under this court's Order of July 23, 2007.

On August 3, 2007, the defendants' deposed Mr. Williams at his office. This present motion requests that this court permit another deposition on two other topics: (1) the substance of conversations between Mr. Williams and William H. Brooks, another attorney for NUFIC in this cause, in advance of Mr. William's August 3d deposition; and, (2) the circumstances surrounding Mr. Williams' drafting of the factual allegations in this cause. NUFIC opposes this Motion, arguing that both subjects implicate either the lawyer-client privilege[1] or the work product privilege. And, therefore, testimony on these subjects is not discoverable under the FEDERAL RULES OF CIVIL PROCEDURE.

## II.
### LAW AND ANALYSIS

A federal court, sitting in diversity, applies state law to determine the applicability of evidentiary privileges. *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 2001). Mississippi law therefore applies.

Rule 502(b) of the MISSISSIPPI RULES OF EVIDENCE defines the lawyer-client privilege as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." (emphasis added). RULE 502 further requires that the confidential communications must have been made:

> (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of a client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

---

[1] As this court must apply Mississippi law, *see infra* Part II., it will use Mississippi's chosen term—lawyer-client privilege. *See* MISS. R. EVID. 502.

2

*Id*. To remain protected, a communication must have not been intentionally disclosed to third persons unless the disclosure was "made in furtherance of the rendition of professional legal service to the client or disclosure was reasonably necessary for the transmission of the communication." MISS. R. EVID. 502(a)(5). Of course, the privilege is a two-way street, providing protection whether the lawyer communicates to the client or vice versa. MISS. R. EVID. 502 CMT.; *Hewes v. Langston*, 853 So.2d 1237, 1244 (Miss. 2003).

As previously noted by this court, attorneys tend to view the lawyer-client privilege rather myopically, contending that the privilege covers only pure legal analysis. In proper focus, the "privilege protection attaches to those communications that would *facilitate the rendition* of legal services or advice." *United Investors*, 233 F.R.D. at 487 (citing *Hewes*, 853 So.2d at 1244).

Thus, it becomes clear that the privilege is broad and encompasses more than legal analysis. Within this framework, the court will consider the plaintiff's two requests.

**A.**
TESTIMONY CONCERNING CONVERSATIONS BETWEEN MESSRS. WILLIAMS AND WALKER

The defendants first ask to compel testimony about conversations Mr. Williams had after he withdrew as counsel of record in this cause. The determinative question here is whether a lawyer-client ***relationship*** existed between Mr. Williams and NUPIC when Messrs. Williams and Walker conversed on August 2-3, 2007.

Neither party provided this court with Mississippi case law discussing how and when the lawyer-client relationship terminates. Rather, the plaintiff assumed that the lawyer-relationship ended; and, the defendant provided ample case law demonstrating that an attorney need not be counsel of record to have a lawyer-client relationship, a rather self-evident proposition. Furthermore, neither party provided this court with facts demonstrating whether the lawyer-client relationship existed between Mr. Williams and

3

NUPIC on August 2-3, 2007. This court was left to its own devices in making this determination. In the midst of spirited research on the issue, the court determined not to continue without proper facts with which to work and an explanation of Mississippi law on how and when the lawyer-client relationship terminates.

The court therefore ORDERS that both parties submit supplemental briefs addressing: (a) Mississippi law on terminating the lawyer-client ***relationship***; and (b) relevant facts in this cause that this court may apply under Mississippi law. The parties will file these responses within fourteen days of this Order's date.

**B.**
TESTIMONY CONCERNING THE FACTUAL ALLEGATIONS OF THE COMPLAINT

The defendants also seek to depose Mr. Williams on the allegations in the complaint he drafted and filed for NUPIC in this cause. The plaintiff is correct in its assertion that the lawyer-client privilege does not protect a cause's underlying facts from discovery. *See Indus. Clearinghouse, Inc. v. Browning Mfg. Div.*, 953 F.2d 1004, 1007 (5th Cir. 1992). That proposition does not in and of itself lead to the conclusion that the defendants are "entitled to depose Mr. Williams regarding the factual basis for the allegations of the Complaint [*sic*]." Def.'s Mot. [98] to Compel, at p. 3. The Fifth Circuit Court of Appeals has noted that deposing opposing counsel is generally disfavored. *See, e.g., Nguyen v. Excel Corp.*, 197 F.3d 200, 208-9 (5th Cir. 1999); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999). The Eighth Circuit has provided useful criteria to consider whether to compel opposing counsel's deposition. *See Shelton v. Am. Motor Corp.*, 805 F.2d 1323 (8th Cir. 1986).[2] Whatever the applicable inquiry, the defendants have provided nothing but a conclusory

---

[2] Although NUPIC assumed that the Fifth Circuit had adopted the *Shelton* factors, that is not the case. *See Nguyen*, 197 F.3d at 209 ("The district court, however, did not abuse its discretion in authorizing the depositions of defense counsel, *even assuming* the applicability of the *Shelton* inquiry" (emphasis added).). Although urged to, the Fifth Circuit did not formally adopt the *Shelton* factors; it did *arguendo* apply them. *See id*. At 208-09.

4

assertion that it is entitled to depose opposing counsel. That will not suffice to justify engaging in a practice that the Fifth Circuit generally disfavors. Accordingly, under Fed. R. Civ. P. 26(c), this court finds that NUPIC has shown good cause for prohibiting the defendants from deposing Mr. Williams about the factual allegations of the complaint and declines to compel that deposition testimony. Of course, the defendants are free to discover the information they seek under the other methods available in the FEDERAL RULES OF CIVIL PROCEDURE.

### III.
CONCLUSION

For the foregoing reasons, the defendants' Motion [98] to Compel Deposition Testimony is **DENIED** as Mr. Williams' potential testimony concerning the factual allegations of the complaint. The court reserves its judgment on Mr. Williams' testimony concerning the conversations between him and Mr. Brooks until the court receives the supplemental briefing ordered in Part **II.A.**

**SO ORDERED**, this the 20th day of August, 2007.


/S/ *S. Allan Alexander*
UNITED STATES MAGISTRATE JUDGE