# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

### № 2:06-CV-071-B-A

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA,

*Plaintiff*,

VERSUS

ROBERT B. BLASIO, ET AL.,

*Defendants.*

# O R D E R

### DENYING

### DEFENDANT'S MOTION TO COMPEL

* * * * *

Before the Court is defendants' Motion [№ 112] to Compel the plaintiff's response to the defendants' Third Request for Production of Documents. For the following reasons, the motion is **DENIED**.

## I.

The crux of this case is whether the defendants acted unreasonably or fraudulently in disposing of the ***Wright*** litigation, the state court case at the center of this current litigation. The plaintiff, NUFIC alleges that it suffered damages over $250,000.00 in attorney's fees resulting from the defendants' misfeasance in settling the ***Wright*** litigation.

In the present motion, the defendants would like to obtain a copy of the AIG LITIGATION GUIDELINES [*hereinafter* GUIDELINES], an operating manual from

NUFIC's parent company, AIG. The defendants contend that NUFIC used this manual when handling the **Wright** litigation and that NUFIC's alleged damages are unreasonable because it overpaid and over-hired attorneys in the **Wright** case. NUFIC, the argument goes, handled the case inconsistently with the directions contained in the GUIDELINES. And, therefore, the defendants are entitled to a copy of the GUIDELINES to use in this case.

NUFIC counters that the defendants' request for the GUIDELINES (Doc. № 112) was untimely as it was served by mail on July 26, 2007. Under the RULES' timing provisions, NUFIC's response to this request will not be due until August 28, 2007. The Amended Case Management Order (Doc. № 45) set the discovery deadline for August 4, 2007. The discovery deadline is "that date by which all responses to written discovery shall be due according to the FEDERAL RULES OF CIVIL PROCEDURE . . . ." LOCAL RULE 26(B)(1). And, as such, the request is untimely.

The defendants do not dispute the request's untimeliness. Rather, they contend that the tardiness is NUFIC's own doing by (1) failing to include the GUIDELINES in its pre-discovery disclosures; and, (2) delaying, for roughly six months, the depositions of Messrs. Bliss and Bengali, two NUFIC employees with the most involvement in the **Wright** litigation. Additionally, the defendants represent that they made an *oral* request for the GUIDELINES at the deposition of Messrs. Bliss (June 28, 2007) and Bengali (July 12, 2007), as well as a request by letter following those depositions. Considering the equities, the defendants argue that they should receive a copy of the GUIDELINES, issues of untimeliness and

informality notwithstanding.

## II.

The court will consider the following issues: (A) whether NUFIC should have included the GUIDELINES in its pre-discovery disclosures; and, (B) whether the defendants have shown good cause to compel the production of the GUIDELINES.

### A.

NUFIC was not obligated to include the GUIDELINES in its pre-discovery disclosures. LOCAL RULE 26.1(A)(1)(a) incorporates the pre-discovery disclosure requirements of FED. R. CIV. P. 26(a)(1), which requires production of documents "that the disclosing party may use to support its claims or defenses, unless solely for impeachment." FED. R. CIV. P. 26(a)(1)(B). NUFIC represents that it "does not intend to use the [GUIDELINES]." (Doc. № 118, at p. 3). Therefore, it was not obligated to include the GUIDELINES in its pre-discovery disclosures.

### B.

Deadlines in a case management order are considered firm, but not inflexible. Accordingly, a party who misses a discovery deadline for "excusable neglect" may move for an extension of time from the court for "cause shown." *See, e.g.,* FED. R. CIV. P. 6(b); ***Lujan v. Nat'l Wildlife Fed'n***, 487 U.S. 871, 896 (1990). The defendants concede that their request is untimely, arguing, albeit implicitly, that cause exists to justify the untimeliness of the request.

The Supreme Court has offered factors to consider when ruling on an out-of-time discovery requests (what amounts to a request for an extension of time). In

*Pioneer Investment v. Brunswick Associates*, 507 U.S. 380, 395 (1993), the

Court gave four factors. The moving party should show: (1) the danger of prejudice

to the nonmovant is minute; (2) the proceedings will not be delayed or adversely

impacted; (3) the movant has a reasonable basis for the delay; and, (4) the movant

acted in good faith when it did not comply with the discovery deadline. *Pioneer*,

507 U.S. at 395.

The first and second factors favor the defendants. NUFIC is safe from

prejudice in producing the GUIDELINES as the document merely describes AIG's

standard operating procedures generally. It contains no information specific to this

case and likely provides no revelatory insight. More importantly, NUFIC should

have reasonably anticipated a request for the GUIDELINES when considering the

defendants' answer to its complaint. As it is unlikely that the production of the

GUIDELINES will necessitate additional discovery (*e.g.,* depositions), the production

will neither delay nor adversely impact this case.

The second factor favors NUFIC. The defendants do not appear to have acted

reasonably.

First, the defendants should have reasonably included the GUIDELINES in

earlier requests for documents. It should have come as no surprise to the defendants

that AIG had standard operating procedures for litigation. Indeed, WLSI, one of the

defendants, "has its own litigation guidelines." (Doc. № 112, at p. 4). The

defendants are experienced, seasoned participants in insurance adjustment and

subsequent litigation. Surely, one, if not all, should have surmised that AIG had

similar guidelines. As such, the defendants could and should easily have included the GUIDELINES in earlier requests for documents. The plea of ignorance until a revelation of their existence during depositions will not suffice.

Second, the defendants had the ability to make and should have made a timely formal request under RULE 34 after the deposition of Mr. Bliss who testified about the GUIDELINES. Regardless of timing, the defendants were under an obligation to comply with the RULES in obtaining discovery. Formality here is necessary to manage discovery effectively and in an orderly fashion. Were courts to authorize, and therefore tacitly encourage, informality in the discovery process, though expedient (*i.e.,* requests made orally or by letter), the process would lose its efficacy and order, leaving it a chaotic shell of its former self. RULE 34 is clear and, with its fellow rules, governs discovery in this court. The defendants failed to make a RULE 34-compliant request until July 26, 2007, the response to which was not due until 24 days after the discovery deadline ran in this case.

Third, the pleadings do not admit a situation where NUFIC intentionally delayed the discovery phase of this case. While the defendants represent that NUFIC "dragged its feet," the court sees nothing more than typical scheduling difficulties inherent in any case. The delays represented here do not themselves create a reasonable presumption that NUFIC intentionally dragged this case to a halt.

The fourth factor is a wash. While it appears that the defendants did not act in bad faith, their failure to formally request the GUIDELINES until July 26, 2007

was nevertheless not, in the court's opinion, justifiable.

**III.**

Considering all four factors individually and then collectively, the court concludes that the defendants have not shown good cause for the court to extend the discovery deadline and to compel NUFIC's production of the GUIDELINES in response to an out-of-time request for production. There is no reasonable basis justifying the defendants' delay, which outweighs the effect of the first two factors articulated in Section II.

The defendants' Motion [№ 112] is **DENIED**.

**SO ORDERED**, this the 5th day of September, 2007.

*/S/ S. Allan Alexander*_____

UNITED STATES MAGISTRATE JUDGE
